UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

EARL OLLIE,                                          Civil No. 10-4806 (JNE/LIB)

        Plaintiff,

        v.                                   **REPORT AND RECOMMENDATION**

BIARD, JOHNSON, (4-19-1999),
MERCIL, PARKER, (1-5-2000),

        Defendants.

---

Plaintiff, an inmate at the Sherburne County Jail in Elk River, Minnesota,

commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights

Under 42 U.S.C. 1983." (Docket No. 1.) The case has been assigned to the undersigned

United States Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for

a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a

claim on which relief can be granted, and that this action should therefore be dismissed

pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff is attempting to sue Defendants identified as "Biard, Johnson (4-19-1999),"

and "Mercil, Parker (1-5-2000)." Defendants allegedly are police officers employed by the

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed
an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It
appears from Plaintiff's IFP application that he may be unable to pay even the initial partial
filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the
Court finds, at least for now, that Petitioner has "no assets and no means by which to pay
the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed
directly to the initial screening process prescribed by § 1915A.

City of Minneapolis.  (Complaint, [Docket No. 1], p. 3, § III.B.)

The "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in its entirety, is limited to the following:

> "There is evidence of racial discrimination, racial profiling, bias, and conduct unbecoming police officers dating back to 4-19-1999 to 8-2010.  Please see (mugshots) photographs at HeADC.com.  This has been a pattern of progression in police brutality and it seems to never end and to only get worse which is why I came to the court.  Since 4-19-1999 25 arrests."

(Id., p. 3, § IV.)

In the "Relief" section of the complaint, Plaintiff states only –

> "I want the court to award damages or/and back pay if the verdict(s) come back in my favor.  I am also requesting jury trial and fast, speedy court proceedings."

(Id., § V.)

Nothing in Plaintiff's submissions sheds any further light on the factual or legal bases for his present lawsuit.

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading fails to state a legally cognizable claim, the action must be dismissed.  28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff has provided no factual allegations to explain why he is attempting to sue the named Defendants. Not only has he not provided a clear, cogent and complete explanation of the facts giving rise to his claims, but he has also made no meaningful effort to identify any legal basis for his claims. However, the caption of Plaintiff's complaint includes a reference to 42 U.S.C. § 1983, which suggests that Plaintiff may be attempting to sue Defendants for some alleged violation of the federal Constitution.

To state an actionable § 1983 civil rights claim, a complaint must allege facts showing that each named defendant somehow violated the complainant's federal constitutional rights while that defendant was acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In order to plead a cognizable § 1983 claim against a particular defendant, a plaintiff must describe (a) what, specifically, that defendant allegedly did or failed to do, and (b) how that defendant's acts or omissions allegedly violated some

3

specific right protected by the federal Constitution. See Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing).

Here, the Court must initially conclude that Plaintiff has not pleaded a cognizable § 1983 cause of action, because he has not identified any specific federal constitutional basis for his lawsuit. The "Statement of Claim" section of the complaint, (quoted at p. 2, supra), includes the oblique phrase "pattern of progression in police brutality," which suggests that Plaintiff might be trying to claim that Defendants somehow violated the "unreasonable search and seizure" clause of the Fourth Amendment, or the due process clause of the Fourteenth Amendment. The complaint also includes the phrase "racial discrimination, racial profiling, bias," which suggests that Plaintiff might be trying to bring a Fourteenth Amendment equal protection claim. However, the foregoing is all sheer speculation, because the complaint itself makes no mention of the Constitution or any constitutional right. Nor does the complaint suggest any other legal basis for Plaintiff's current lawsuit. For this reason alone, Plaintiff's complaint is fatally defective.

More importantly, however, the complaint is fatally defective because it does not describe anything that the named Defendants allegedly did, or failed to do, that allegedly violated Plaintiff's individual constitutional rights. Indeed, Defendants are never even mentioned in the "Statement of Claim" section of the complaint. Plaintiff certainly has not described any specific acts or omissions involving him by either of the named Defendants

4

that could be viewed as a violation of the federal Constitution. Plaintiff has not described any violation of his own constitutional rights, nor has he described any injury that he, personally, has suffered. At most, Plaintiff has pleaded only general, vague accusations of wrongdoing by some ostensibly unidentified individual(s). Perhaps, Plaintiff meant to allege that he was somehow directly affected by the vague accusations in his "Statement of Claim," but his complaint does not actually include any such allegations. Again, there are no factual allegations describing any specific incident when Plaintiff's own constitutional rights were violated, causing some particular injury to him, personally. For this additional reason, Plaintiff's complaint fails to state an actionable claim for relief. See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[a] federal court's jurisdiction... can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action'") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973)) (emphasis added).

## III. CONCLUSION

In sum, Plaintiff's complaint falls far short of stating any cause of action on which relief can be granted. Plaintiff has not identified any legal basis for his lawsuit, he has not described any specific acts or omissions by the named Defendants that could cause them to be liable to Plaintiff under any legal theory, and he has not described any past or prospective personally-suffered injury for which legal redress could be granted.[2]

---

[2] The Court also notes that Plaintiff's complaint includes several oblique references to "4-19-1999" and "1-5-2000," which seems to suggest that Plaintiff's claims might be based on events that occurred more than ten years ago. If that is so, and if Plaintiff is indeed seeking relief under 42 U.S.C. § 1983, (as suggested by the caption of his complaint), then this lawsuit would appear to be barred by the six-year statute of limitations that applies to § 1983 actions brought in Minnesota. See Egerdahl v. Hibbing Community

Because Plaintiff has failed to state any cause of action on which relief can be granted, this case must be dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3] To date, Plaintiff has not paid any fee at all, so he still owes the full $350 fee. Jail officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

---

College, 72 F.3d 615, 618, n. 3 (8th Cir. 1995).

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1); and

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the

full $350, in accordance with 28 U.S.C. § 1915(b)(2);

Dated: December 8, 2010

s/
Leo. I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 22, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.